THE LAW OFFICES OF
## SCOTT L. FENSTERMAKER, P.C.
100 PARK AVENUE, 16TH FLOOR
### NEW YORK, NEW YORK 10017
TELEPHONE (212) 302-0201
CELL (917) 817-9001
FACSIMILE (212) 302-0327
EMAIL scott@fenstermakerlaw.com
TWITTER @fensterlaw
www.fenstermakerlaw.com

OF COUNSEL
———
LINDA F. FENSTERMAKER, ESQ.

WESTCHESTER OFFICE
BY APPOINTMENT ONLY
50 MAIN STREET
WHITE PLAINS, NEW YORK 10606
TELEPHONE (914) 725-0955

May 4, 2010

## VIA ECF AND FIRST CLASS MAIL

The Honorable Raymond J. Dearie
United States District Chief Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *United States v. Roy Ageloff*, 98-1129S (RJD)

Dear Chief Judge Dearie:

I represent Roy Ageloff, 98-1129S (RJD), and write for several reasons, each discussed below.

### Request to Submit an Interim CJA Voucher

I respectfully request leave of the Court to submit an interim voucher pursuant to the Criminal Justice Act. At this stage, my billing on Mr. Ageloff's matter exceeds $25,000.00. I realize that this amount may seem high for what appears to be a simple resentencing, but the issues involved in Mr. Ageloff's matter are neither simple, nor small, where the government has asserted that restitution properly lies in the amount of $190,000,000.00.

The Court has tentatively scheduled an evidentiary hearing to begin May 17, 2010. For reasons discussed in greater detail below, I expect that this hearing will last, at a minimum, three months, if we work five days a week. While the government apparently has a case limited by its lack of evidence, Mr. Ageloff has been able to gather considerable evidence in mitigation of the amount of restitution in this matter. As a result of the volume of evidence which Mr. Ageloff foresees presenting, this matter will last for some time and will consume the totality of my energies, to the exclusion of my other matters.

In addition to the length of the hearing, the preparation and document review will be considerable. As described in greater detail below, Mr. Ageloff has located at least 31,000 documents he anticipates presenting in his defense. Simply reviewing these documents will be a monumental task. Organizing them and preparing a coherent defense will also entail a great deal of effort and the entirety of my focus.

Honorable Raymond J. Dearie
May 4, 2010
Page 2 of 3

In addition to the time I have spent on Mr. Ageloff's matter, I have already expended considerable business funds paying expenses associated with this matter. These expenses include, but are in no way limited to, over $400.00 in shipping costs to have Mr. Ageloff's file shipped from prior counsel to my office. There have also been considerable copying and document production costs associated with this matter.

For these reasons, I ask for permission to submit an interim voucher. My practice is such that I simply cannot afford to carry this case to completion without at least partial payment.

### Request for a Second CJA Attorney

I request that the Court either appoint an additional CJA attorney to assist in my defense of Mr. Ageloff, or approve payment of a full-time paralegal to assist my efforts. Mr. Ageloff's defense involves reviewing, analyzing, organizing, and presenting over 31,000 documents, each of which is essential to proving that factors unrelated to Mr. Ageloff's fraudulent conduct caused the losses suffered at the hands of the short sellers who targeted, and ultimately destroyed, Hanover Sterling. Under the best of circumstances, a matter of this magnitude would be daunting for a sole practitioner. It is unreasonable to expect me to adequately prepare and present Mr. Ageloff's matter singlehandedly. I therefore ask that a second CJA attorney be added to staff this matter or that the Court approve funds to pay a full-time paralegal dedicated to Mr. Ageloff's defense.

### Request for Additional CJA Funds for Subpoena Compliance Fees

I have subpoenaed certain documents from the Financial Industry Regulatory Authority ("FINRA"). FINRA is a successor organization to the NASD. An associate general counsel for FINRA informs me that the documents responsive to my subpoena number over 31,000. While the associate general counsel has not provided me with an estimate of the cost of producing this many documents, I have reason to believe that it will be considerable. I ask for permission to have FINRA bill the CJA program directly for these compliance costs, as I am unable to fund this expenditure without prompt reimbursement thereof.

### Request for a Status Conference to Discuss Scheduling

In light of the anticipated length of Mr. Ageloff's hearing, which I expect to last at least three months, I respectfully request that we hold a brief status conference prior to May 17th to discuss scheduling issues involved with conducting a hearing of this length.

If the Court has any questions or concerns, please have a member of the Court's staff contact me at any time regarding Mr. Ageloff's matter.

Honorable Raymond J. Dearie
May 4, 2010
Page 3 of 3

Respectfully submitted,

**The Law Offices of Scott L. Fenstermaker, Esq.**

By:

Scott L. Fenstermaker, Esq.

cc:     AUSA Daniel Spector (via ECF)
        Mr. Roy Ageloff (via Priority Mail)