THE LAW OFFICES OF
**SCOTT L. FENSTERMAKER, P.C.**
100 PARK AVENUE, 16TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE (212) 302-0201
CELL (917) 817-9001
FACSIMILE (212) 302-0327
EMAIL scott@fenstermakerlaw.com
TWITTER @fensterlaw
www.fenstermakerlaw.com

OF COUNSEL
———
LINDA F. FENSTERMAKER, ESQ.

WESTCHESTER OFFICE
BY APPOINTMENT ONLY
50 MAIN STREET
WHITE PLAINS, NEW YORK 10606
TELEPHONE (914) 725-0955

May 12, 2010

**VIA ECF AND HAND DELIVERY**

The Honorable Raymond J. Dearie
United States District Chief Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *United States v. Roy Ageloff*, 98-1129S (RJD)

Dear Chief Judge Dearie:

    I represent Roy Ageloff, 98-1129S (RJD), and write to provide an initial response to the Court's apparent concerns that Mr. Ageloff is ineligible for the appointment of court-funded counsel. First, it would be entirely inappropriate to deprive Mr. Ageloff of counsel absent a full and fair examination into his eligibility for court-appointed counsel. This examination should include providing Mr. Ageloff with the ability to rebut claims that he has sufficient financial resources to retain counsel. *See United States v. Harris*, 707 F.2d 653 (2d Cir. 1983). Indeed, "doubts as to [Mr. Ageloff's] eligibility should be resolved in [his] favor." *Id.* at 660.

    Here, the Court is well-aware that Mr. Ageloff owns assets vital to his ability to retain counsel of his choice. In page 4 of the government's May 6, 2010 letter to the Court, the government acknowledges that Mr. Ageloff's owns approximately $2.7 million that are on deposit with the clerk of the court. *See* Footnote 2 therein. As Mr. Ageloff's assets were deposited with the clerk of the court as a result of, and subsequent to, the issuance of the Court's August 15, 2001 $80,000,000.00 restitution order, and that order was subsequently overturned by the Second Circuit in *United States v. Catoggio*, those assets should be promptly returned to Mr. Ageloff. Any failure to do so would violate Mr. Ageloff's Fifth Amendment due process rights and his Sixth Amendment right to retain counsel of his choice.[1] Furthermore, there seems to be no legal basis for the court's continued possession of those funds to Mr. Ageloff's detriment.

---

[1] The Supreme Court's decisions in *United States v. Monsanto*, 491 U.S. 600 (1989) and *Caplan & Drysdale v. United States*, 491 U.S. 617 (1989) are inapposite. Both *Monsanto* and *Caplan & Drysdale* rely on the forfeiture provisions of 21 U.S.C. §853, which requires that the government demonstrate that the funds in question have some relationship to the defendant's criminal activity. Here, that is simply not the case. There has been no showing, of any nature, that the $2.7 million on deposit with the clerk of the court is related to Mr. Ageloff's criminal conduct.

Honorable Raymond J. Dearie
May 12, 2010
Page 2 of 2

In summary, Mr. Ageloff requests a full and fair opportunity to rebut the Court's claim that he has sufficient assets to retain counsel. In addition, Mr. Ageloff requests the release of his funds on deposit with the clerk of the court because, among other things, those funds are, at this stage, being held without basis in law and in violation of Mr. Ageloff's Fifth Amendment due process rights and his Sixth Amendment right to hire counsel of his choice.

I request the opportunity to provide further support for Mr. Ageloff's position once the Court makes clear the basis of its suspicions that Mr. Ageloff has sufficient assets to retain counsel. If the Court has any questions regarding this matter, please have a member of the Court's staff contact me at any time.

Respectfully submitted,

**The Law Offices of Scott L. Fenstermaker, Esq.**

By: *[signature]*

Scott L. Fenstermaker, Esq.

cc:   AUSA Dan Spector (via ECF)
      Mr. Roy Ageloff (via hand delivery)