UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

ROY AGELOFF,

                            Defendant.
-----------------------------------------------------------X

**ORDER**
98 CR 1129 (RJD)

DEARIE, Chief Judge.

      Reference is made to defense counsel's letter to the Court, dated May 13, 2010, in response to the Court's stated concerns regarding Mr. Ageloff's eligibility for CJA funding. Counsel seeks some clarification of the Court's comments stated on the record during a conference with all counsel and the defendant on the afternoon of May 11, 2010. Although somewhat perplexed by counsel's request, I will briefly summarize the concerns that in the Court's reluctant view require an examination of the defendant's eligibility for court-appointed counsel and additional requested CJA resources.

      In its simplest terms, the defendant pleaded guilty in this Court to conspiracy to conduct a massive securities fraud which netted the defendant and others a sum that the government has calculated as approaching $200 million. The defendant has conceded that victims' losses exceeded $80 million. He has also acknowledged that he was one of two leaders and managers of the racketeering enterprise to benefit from the fraud -- indeed, during the period of the conspiracy he filed tax returns declaring earnings in excess of $15 million. Since his conviction in this district, he has pleaded guilty to conspiracy to commit money laundering in the Middle District of Florida and has admitted under oath that he sought to conceal assets from the government to avoid paying restitution to the more than 9,000 victims of the scheme.

Given the extent of the fraud and his pivotal role in it and the defendant's admitted efforts to conceal funds to avoid paying restitution, I am constrained to question his claim that he is without financial ability to afford counsel and otherwise meet the costs of a defense. I am well aware that although it is the defendant's burden to satisfy the Court, any lingering doubt should and will be resolved in his favor. I am also sensitive to the fact that there is in place a working relationship between the defendant and appointed counsel who has advanced a spirited defense of his client. I also endorse counsel's observation that before such an important issue is resolved, the Court must provide a full and fair opportunity to the defendant to meet his burden. I will not engage in a volley of correspondence with counsel, but instead will conduct an appropriate evidentiary hearing on June 1, 2010, at 10 A.M.

SO ORDERED.

Dated: Brooklyn, New York
May 17, 2010

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge