UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

**ORDER**

-against-

98 CR 1129 (RJD)

ROY AGELOFF,

Defendant.
------------------------------------------------------X

DEARIE, District Judge.

In a 34-page Report and Recommendation dated June 7, 2012, and reissued with a ministerial amendment on June 25, 2012, Magistrate Judge Cheryl L. Pollak recommends that Scott C. Fenstermaker, Esq. be awarded $34,589.44, pursuant to Section 2.22(C)(2) of the Criminal Justice Act, in attorney's fees and expenses for services rendered in connection with his appointed representation of defendant Roy Ageloff. ECF Nos. 1629, 1633. Mr. Fenstermaker originally sought a total of $48,871.94 and, despite Magistrate Judge Pollak's meticulous review and generous assessment of his work, has timely filed a 27-page set of objections. ECF 1634.

Before the Court as it conducts the de novo reviewed required by Federal Rule of Civil Procedure 72(b)(3) and 28 U.S.C.§ 636[1] are the full set of materials presented to Magistrate Pollak as part of Mr. Fenstermaker's fee application as well as the Court's intimate recollection of the proceedings in which Mr. Fenstermaker rendered the services for which he seeks compensation. The lion's share of what this Court has to say on such fee-relevant matters as the "professionalism and judgment used by counsel" and the "manner in which duties were

---

[1] The parties' familiarity with the standard of review is assumed. To the extent re-familiarization is required, a recent articulation can be found in White v. Western Beef Properties, Inc., 07 CV 2345 (RJD), 2011 WL 6140512, *2 (E.D.N.Y. Dec. 9, 2011).

performed," United States v. Mukhtaar, 06 CR 31, 2008 WL 2151798, * 5 (S.D.N.Y. May 21, 2008), has already been said in the Memorandum and Order of Restitution issued August 19, 2011. ECF 1611. The pitch of Mr. Fenstermaker's agitation continues to be of concern—and quite difficult to reconcile with prevailing notions of the professionalism and judgment expected of the federal defense bar, particularly those deemed worthy of appointment by the Court and of reimbursement by taxpayer dollars. A sadly telling example is footnote number one in Mr. Fenstermaker's Objections, which accuses Magistrate Pollak of having defamed him through an obviously inadvertent (and obviously harmless, given the context) use of the word "retained" where what was meant was "appointed."

Lest this Order set off further unharnessed agitation, Mr. Fenstermaker should be assured that, as he expressly requests in his Objections, ECF 1634 at 2, this Court has "personally review[ed]" what he calls "the allegations contained in the Report and Recommendation." The eminently sound analysis of Magistrate Pollak to which he so strenuously objects tilts far more in his favor than he recognizes.

Accordingly, this Court adopts the Report and Recommendation of Magistrate Pollak for all the reasons stated therein.

SO ORDERED.

Dated: Brooklyn, New York
July 3l, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

2